UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
U.S. BANCORP EQUIPMENT FINANCE, INC.

                        Plaintiff,    C.A. No.: 1:05 CV -3489 (FB) (ETB)

-against-

BABYLON TRANSIT, INC., JAMES K. SMITH,
JONI SMITH AND JOHN BOSCH, INC.,

                        Defendants.
------------------------------------------------------------X

## STIPULATION TO JUDGMENT

Babylon Transit, Inc. ("Babylon"), James K. Smith ("JKS"), Joni Smith ("JS") and John Bosch, Inc. ("Bosch") and U.S. Bancorp Equipment Finance, Inc. ("U.S. Bancorp") (hereinafter collectively, the "Parties") hereby stipulate to entry of a Judgment in favor of U.S. Bancorp and against Babylon, JKS, JS and Bosch (collectively, the "Defendants"), jointly and severally, as follows:

    1.    U.S. Bancorp shall have judgment against Defendants, jointly and severally, in the amount of $1,073,309.58, plus interest at 15% per annum from June 1, 2002 to the date of entry of Judgment, attorneys' fees, expenses, costs in accordance with the terms of Lease No. 1 and Lease No. 2, plus post-judgment interest from the date of entry of Judgment at the federal rate set forth in 28 U.S.C. §1961, all as set forth in that certain Affidavit of Default to be filed by U.S. Bancorp.

    2.    The amount of the Judgment shall be reduced by any payments received by U.S. Bancorp from any of the Defendants subsequent to the execution of that certain

Settlement Agreement, a copy of which is attached hereto as Exhibit "1" and incorporated by reference (the "Agreement")), all as set forth in that certain Affidavit of Default to be filed by U.S. Bancorp.

3. The Court shall retain jurisdiction of this case to the extent necessary to enforce the provisions of this Stipulation to Judgment and to enter Judgment.

Dated: July 6, 2006

U.S. BANCORP EQUIPMENT FINANCE, INC.

By: _____
Name: David O'Hara
Its Litigation Manager

Dated: June 29th, 2006

BABYLON TRANSIT, INC.

By: _____
Name: James K. Smith
Its President

Dated: June 29th, 2006

JAMES K. SMITH

_____

Dated: June 29th, 2006

JONI SMITH

_____

Dated: June 29th, 2006

JOHN BOSCH, INC.

By: _____
Name: James K. Smith
Its President

SO ORDERED

Dated: 7/6/06.

_____
HON. FREDERIC BLOCK
UNITED STATES DISTRICT COURT JUDGE

2

# SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as the "Agreement") is made and entered into among Babylon Transit, Inc. ("Babylon"), James K. Smith ("JKS"), Joni Smith ("JS") and John Bosch, Inc. ("Bosch") (collectively, the "Defendants") and U.S. Bancorp Equipment Finance, Inc. ("U.S. Bancorp"). Babylon, JKS, JS, Bosch and U.S. Bancorp shall hereinafter be collectively referred to as the "Parties". This Agreement shall be deemed entered into as of the date of signature of the last party or party representative to sign this Agreement.

## RECITALS

**WHEREAS**, on or about September 7, 1995, Babylon entered into a Master Equipment Lease and Supplement No. 001 to Master Equipment Lease No. 0004540 (TRAC Lease) (collectively, and as at any time amended, "Master Lease No. 1") with Cargill Leasing Corporation ("CLC");

**WHEREAS**, on or about June 29, 1998, Babylon entered into Supplement No. 004 to Master Lease No. 1 (as at any time amended, "Supp. No. 004") with CLC, pursuant to which CLC agreed to lease to Babylon five (5) 1998 Van Hool 45' Motorcoaches for a period of eighty-four (84) months and Babylon agreed to make certain monthly payments to CLC;

**WHEREAS**, Master Lease No. 1 and Supp. No. 004 are hereinafter collectively referred to as "Lease No. 1";

**WHEREAS**, on or about September 7, 1995, JKS and JS executed and delivered to CLC a Guaranty ("Guaranty No. 1"), wherein JKS and JS unconditionally and absolutely guaranteed to CLC all payment and performance obligations of Babylon under Lease No. 1;

**WHEREAS,** on or about September 7, 1995, Bosch executed and delivered to CLC a Guaranty ("Guaranty No. 2"), wherein Bosch unconditionally and absolutely guaranteed to CLC all payment and performance obligations of Babylon under Lease No. 1;

**WHEREAS,** U.S. Bancorp is the successor-in-interest to CLC with respect to Lease No. 1, Guaranty No. 1 and Guaranty No. 2;

**WHEREAS,** on or about September 3, 1999, Babylon entered into a Master Equipment Lease and Supplement No. 001 to Master Equipment Lease No. 0009772 (TRAC Lease) (collectively, and as at any time amended, "Lease No. 2") with Firstar Equipment Finance Corporation ("FEFC"), pursuant to which FEFC agreed to lease to Babylon one (1) 1999 Van Hool 45' Motorcoach for a period of eighty-four (84) months and Babylon agreed to make certain monthly payments to FEFC;

**WHEREAS,** on or about September 3, 1999, JKS and JS executed and delivered to FEFC a Guaranty ("Guaranty No. 3"), wherein JKS and JS unconditionally and absolutely guaranteed to FEFC all payment and performance obligations of Babylon under Lease No. 2;

**WHEREAS,** on or about September 3, 1999, Bosch executed and delivered to FEFC a Guaranty ("Guaranty No. 4"), wherein Bosch unconditionally and absolutely guaranteed to FEFC all payment and performance obligations of Babylon under Lease No. 2;

**WHEREAS,** U.S. Bancorp is the successor-in-interest to FEFC with respect to Lease No. 2, Guaranty No. 3 and Guaranty No. 4;

**WHEREAS,** U.S. Bancorp has alleged that, on or about June 1, 2002, Babylon defaulted under Lease No. 1 by failing to make monthly payments to U.S. Bancorp when due;

**WHEREAS,** U.S. Bancorp has alleged that, on or about May 1, 2002, Babylon defaulted under Lease No. 2 by failing to make monthly payments to U.S. Bancorp when due;

**WHEREAS**, U.S. Bancorp has alleged that, by reason of Guaranty No. 1 and Guaranty No. 3, JKS and JS are personally liable to pay, upon demand, all of Babylon's obligations under Lease No. 1 and Lease No. 2 to U.S. Bancorp;

**WHEREAS**, U.S. Bancorp has alleged that, by reason of Guaranty No. 2 and Guaranty No. 4, Bosch is liable to pay, upon demand, all of Babylon's obligations under Lease No. 1 and Lease No. 2 to U.S. Bancorp;

**WHEREAS**, U.S. Bancorp brought claims against the Defendants as set forth in that certain Complaint bearing case number 05-3489 (the "Complaint") filed in the United States District Court, Eastern District of New York (the "District Court") on July 26, 2005 (the "Action"); and

**WHEREAS**, by its Complaint, U.S. Bancorp has alleged that Defendants are jointly and severally liable to U.S. Bancorp in an amount not less than $1,073,309.58, plus interest, attorneys' fees, expenses and costs;

**WHEREAS**, Defendants filed that certain Answer in the District Court on September 7, 2005 wherein Defendants denied U.S. Bancorp's claims as set forth in the Complaint;

**WHEREAS**, the Parties desire to settle all claims asserted in the Action without incurring further costs of litigation; and

**NOW, THEREFORE**, it is hereby stipulated and agreed among the Parties upon the foregoing premises and in consideration of the promises, mutual covenants, and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, as follows:

## **AGREEMENT**

1. Each of the above Recitals are true and correct and are incorporated herein by reference.

2. Defendants shall pay to U.S. Bancorp the sum of One Hundred Thousand and 00/100 U.S. Dollars ($100,000.00), by wiring said funds to US Bank - Main Branch, 321 SW 6th Ave, Portland, Oregon, 97204, via ABA No. 123000220, Account No. 153600018292, Attn: Valerie Rivera, by no later than June 30, 2006 (the "First Payment").

3. Commencing on August 1, 2006 and continuing on a monthly basis thereafter through and including July 1, 2011, Defendants shall make sixty (60) equal monthly payments of Two Thousand Five Hundred and 00/100 U.S. Dollars ($2500.00), totaling One Hundred Fifty Thousand and 00/100 U.S. Dollars ($150,000.00), to U.S. Bancorp by delivering a check, made payable to "U.S. Bancorp Equipment Finance, Inc.", and delivered to U.S. Bancorp Equipment Finance, Inc., 13010 SW 68th Parkway, Portland, Oregon, 97223, Attention: Valerie Rivera, by no later than the first day of each month in each year (collectively, the "Monthly Payments").

4. Defendants shall pay to U.S. Bancorp the sum of Two Hundred Seventy Five Thousand and 00/100 U.S. Dollars ($275,000.00), by delivering a certified check, made payable to "U.S. Bancorp Equipment Finance, Inc.", and delivered to U.S. Bancorp Equipment Finance, Inc., 13010 SW 68th Parkway, Portland, Oregon, 97223, Attention: Valerie Rivera, by no later than August 1, 2011 (the "Balloon Payment").

5. The First Payment, the Monthly Payments and the Balloon Payment shall hereinafter be collectively referred to as the "Settlement Payments."

6. Concurrent with the execution of this Agreement, Defendants shall each execute that certain Stipulation to Judgment in the form attached hereto as Exhibit "A" and incorporated herein by reference (the "Stipulation to Judgment").

7. Except for the rights arising out of, provided for, or reserved in this Agreement, and after ninety-one (91) days after U.S. Bancorp's receipt of all of the Settlement Payments in their entirety and the honoring thereof, and provided that bankruptcy proceedings have not been instituted by or against any of the Defendants, U.S. Bancorp shall be deemed to have released and forever discharged Defendants and all of their partners, directors, principals, members, affiliates, agents, contractors, servants, assignors, assignees, transferors, transferees, employees, attorneys, representatives, assigns, heirs, executors, administrators, predecessors, and successors, past and present, and all persons acting by, through, under or in concert with them (the "Defendants Released Parties") of and from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims (including, but not limited to, claims for attorneys' fees, costs and sanctions), damages, demands, losses, costs or expenses of any nature, whether known or unknown, fixed or contingent, concealed or hidden, latent or patent, which U.S. Bancorp, or any person or entity claiming from, through or under it, has, now or hereafter acquires, against the Defendants Released Parties relating in any way to the Action. Notwithstanding the foregoing, if (a) bankruptcy proceedings are instituted by or against any of the Defendants at any time hereafter and (b) any action, proceeding and/or adversary proceeding is filed by any person or entity with any court seeking to recover any or all of the Settlement Payments and (c) any amount is thereafter paid by U.S. Bancorp by way of settlement or judgment, this release shall be null and void and of no force and/or effect.

8.  Except for the rights arising out of, provided for, or reserved in this Agreement, the Defendants Releases Parties hereby release and forever discharge U.S. Bancorp and all of its partners, directors, principals, members, affiliates, agents, contractors, servants, assignors, assignees, transferors, transferees, employees, attorneys, representatives, assigns, heirs, executors, administrators, predecessors, and successors, past and present, and all persons acting by, through, under or in concert with them (the "U.S. Bancorp Released Parties") of and from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims (including, but not limited to, claims for attorneys' fees, costs and sanctions), damages, demands, losses, costs or expenses of any nature, whether known or unknown, fixed or contingent, concealed or hidden, latent or patent, which Defendants, or any person or entity claiming from, through or under them, has, now or hereafter acquires, against the U.S. Bancorp Released Parties relating in any way to the Action.

9.  An event of default (an "Event of Default") shall be deemed to have occurred under this Agreement if any of the following occurs: (a) Defendants fail to make any of any of the Settlement Payments when due or (b) any of the Parties breaches any term of this Agreement.

10. In the event Defendants fail to cure an Event of Default within ten (10) calendar days after written notice is delivered pursuant to Paragraph 14 of this Agreement (the "Notice of Default"), in addition to all other rights and remedies that U.S. Bancorp may have, (a) U.S. Bancorp may file the Stipulation to Judgment with the District Court, (b) the Judgment (in the form attached hereto as Exhibit "B" and incorporated by reference) shall be entered by the District Court and (c) U.S. Bancorp may take any and all actions and steps legally available to

enforce and recover on the Judgment, and shall not be limited in any way, including by any election of remedies defense, which Defendants hereby expressly waive, all without further notice to any of the Defendants.

11. In addition, in the event Defendants fail to cure an Event of Default within ten (10) calendar days after a Notice of Default is delivered pursuant to Paragraph 13 of this Agreement, Defendants shall pay to U.S. Bancorp, without limitation, all of U.S. Bancorp's costs and expenses, including reasonable attorneys' fees, arising out of Defendants' failure to timely cure an Event of Default, including but not limited to all costs and expenses, including reasonable attorneys' fees, incurred in connection with the collection of any and all amounts due to U.S. Bancorp pursuant to the terms of any Judgment entered in accordance with Paragraph 10 of this Agreement and/or otherwise due to U.S. Bancorp under the terms of this Agreement.

12. Notwithstanding anything in this Agreement to the contrary, if (a) bankruptcy proceedings are instituted by or against any of the Defendants at any time hereafter, and (b) any action, proceeding or adversary proceeding is filed by any person or entity with any court seeking to recover any or all of the Settlement Payments and (c) any amount (the "Paid Amount") is thereafter paid by U.S. Bancorp by way of judgment or settlement, then (x) U.S. Bancorp shall have a claim against Defendants in the amount of (1) $1,073,309.58, plus interest at 15% per annum from June 1, 2002, attorneys' fees, expenses and costs in accordance with the terms of Lease No. 1 and Lease No. 2, and plus (2) the Paid Amount minus (3) any amount paid by Defendants to U.S. Bancorp subsequent to the execution of this Agreement, (y) U.S. Bancorp's release of the Defendants shall be null and void and of no force and/or effect and (z) U.S. Bancorp's claims against each of the Defendants shall not be prejudiced or impaired (other

7

than as limited by Section (x) above) and U.S. Bancorp may assert such claims against the Defendants.

13. Any Notice of Default or other correspondence written in connection with this Agreement, if to any of the Defendants, shall be sent via overnight delivery to: (a) Reno & Artura, Esqs., 150 East Sunrise Highway, Suite 2006, Lindenhurst, New York 11757, Attention: Richard Artura, Esq., (b) James K. Smith, at his home address of 8 Douglas Avenue, Babylon, New York, 11702, and (c) Joni Smith at his home address of 35 Argyle Avenue, Babylon, New York, 11702; and if to U.S. Bancorp, via overnight delivery to (a) Pitney Hardin LLP, 7 Times Square, New York, New York 10036, Attention: Michael H. Levison, Esq. and (b) U.S. Bancorp Equipment Finance, Inc., 13010 SW 68th Parkway, Portland, Oregon, 97223, Attention: Valerie Rivera.

14. The failure of U.S. Bancorp to declare an Event of Default upon breach of this Agreement by any of the Defendants shall not constitute a waiver or estoppel with respect to any future Event of Default or other breach.

15. The Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission of liability or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, or of any other wrongdoing whatsoever.

16. The terms of this Agreement may only be changed, if in writing, and upon consent of all Parties.

17. The Parties agree that this Agreement has been prepared and reviewed jointly by their counsel.

18. This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any and all conflicting prior agreements or understandings between the Parties, written or oral.

19. Should any provision of this Agreement be declared illegal or unenforceable by any court, administrative agency or other entity and cannot be interpreted or modified to be enforceable (which the Parties authorize said court, administrative agency or other entity to do), such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

20. Each of the Parties warrants and represents that (i) it has full corporate and/or individual power and authority to enter into this Agreement, (ii) no third party approvals are necessary for them to lawfully enter into this Agreement, (iii) the execution of this Agreement will not violate any material agreement or court order binding on said party and (iv) execution of this Agreement is binding on and enforceable against said Party.

21. This Agreement shall be interpreted under New York law, without regard to its conflict or choice of law provisions.

22. This Agreement may be executed in two or more counterparts, including by facsimile, each of which shall for all purposes be deemed to constitute an original, but all of which, when taken together, shall constitute but one instrument, and shall become effective when copies hereof when taken together, bear the signatures of each of the Parties hereto.

Settlement Agreement, a copy of which is attached hereto as Exhibit "1" and incorporated by reference (the "Agreement")), all as set forth in that certain Affidavit of Default to be filed by U.S. Bancorp.

3. The Court shall retain jurisdiction of this case to the extent necessary to enforce the provisions of this Stipulation to Judgment and to enter Judgment.

Dated: 6\29\06　　　　　　　　　　U.S. BANCORP EQUIPMENT FINANCE, INC.

By: _____
Name: David A. O'Hara
Its Litigation Manager

Dated: _____　　BABYLON TRANSIT, INC.

By: _____
Name: _____
Its _____

Dated: _____　　JAMES K. SMITH

_____

Dated: _____　　JONI SMITH

_____

Dated: _____　　JOHN BOSCH, INC.

By: _____
Name: _____
Its _____

SO ORDERED:

Dated:　　　　　　　　　　　_____
　　　　　　　　　　　　　　HON. FREDERIC BLOCK
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE

2

IN WITNESS WHEREOF, the undersigned have hereunder set their hands and seals or caused these presents to be signed the day and year written below.

| | |
|---|---|
| Dated: _____ | U.S. BANCORP EQUIPMENT FINANCE, INC.<br><br>By: _____<br>Name: _____<br>Its _____ |
| Dated: June 29, 2006 | BABYLON TRANSIT, INC.<br><br>By: _/s/ James K. Smith_____<br>Name: James K. Smith<br>Its President |
| Dated: June 29, 2006 | JAMES K. SMITH<br><br>_/s/ James K. Smith_____ |
| Dated: June 29, 2006 | JONI SMITH<br><br>_/s/ Joni Smith_____ |
| Dated: June 29, 2006 | JOHN BOSCH, INC.<br><br>By: _/s/ James K. Smith_____<br>Name: James K. Smith<br>Its President |

10

STATE OF OREGON )
                            ) ss.
COUNTY OF WASHINGTON )

On June 29, 2006, before me, DAVID A. O'HALA, personally appeared PERSONALLY KNOWN, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this agreement.

WITNESS my hand and official seal

Signature _____

OFFICIAL SEAL
VALERIE RIVERA
NOTARY PUBLIC-OREGON
COMMISSION NO. 365247
MY COMMISSION EXPIRES APRIL 14, 2007

STATE OF               )
                            ) ss.
COUNTY OF            )

On June _____, 2006, before me, _____, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this agreement.

WITNESS my hand and official seal

Signature _____

STATE OF               )
                            ) ss.
COUNTY OF            )

On June _____, 2006, before me, _____, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this agreement.

WITNESS my hand and official seal

Signature _____

11

STATE OF                          )
                                        ) ss.

COUNTY OF                  )

       On June _____, 2006, before me, _____, personally appeared_____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this agreement.

WITNESS my hand and official seal

Signature _____


STATE OF NEW YORK           )
                                       ) ss.
COUNTY OF SUFFOLK          )

       On June 29, 2006, before me, Richard F. Artura, personally appeared James K. Smith, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this agreement.

WITNESS my hand and official seal

Signature _____

RICHARD F. ARTURA
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4843103
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES 9/30/09

STATE OF NEW YORK           )
                                       ) ss.
COUNTY OF SUFFOLK          )

       On June 29, 2006, before me, Richard F. Artura, personally appeared Joni Smith, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this agreement.

WITNESS my hand and official seal

Signature _____

RICHARD F. ARTURA
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4843103
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES 9/30/09

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF SUFFOLK        )

On June 29, 2006, before me, Richard F. Artura, personally appeared James K. Smith, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this agreement.

WITNESS my hand and official seal

Signature _____

RICHARD F. ARTURA
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4843103
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES 9/30/09

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF SUFFOLK        )

On June 29, 2006, before me, Richard F. Artura, personally appeared Joni Smith, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this agreement.

WITNESS my hand and official seal

Signature _____

RICHARD F. ARTURA
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4843103
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES 9/30/09

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
U.S. BANCORP EQUIPMENT FINANCE, INC.

                                                Plaintiff,        C.A. No.: 1:05 CV -3489 (FB) (ETB)

-against-

BABYLON TRANSIT, INC., JAMES K. SMITH,
JONI SMITH AND JOHN BOSCH, INC.,

                                                 Defendants.
------------------------------------------------------------X

## STIPULATION TO JUDGMENT

Babylon Transit, Inc. ("Babylon"), James K. Smith ("JKS"), Joni Smith ("JS") and John Bosch, Inc. ("Bosch") and U.S. Bancorp Equipment Finance, Inc. ("U.S. Bancorp") (hereinafter collectively, the "Parties") hereby stipulate to entry of a Judgment in favor of U.S. Bancorp and against Babylon, JKS, JS and Bosch (collectively, the "Defendants"), jointly and severally, as follows:

    1.    U.S. Bancorp shall have judgment against Defendants, jointly and severally, in the amount of $1,073,309.58, plus interest at 15% per annum from June 1, 2002 to the date of entry of Judgment, attorneys' fees, expenses, costs in accordance with the terms of Lease No. 1 and Lease No. 2, plus post-judgment interest from the date of entry of Judgment at the federal rate set forth in 28 U.S.C. §1961, all as set forth in that certain Affidavit of Default to be filed by U.S. Bancorp.

    2.    The amount of the Judgment shall be reduced by any payments received by U.S. Bancorp from any of the Defendants subsequent to the execution of that certain

Settlement Agreement, a copy of which is attached hereto as Exhibit "1" and incorporated by reference (the "Agreement")), all as set forth in that certain Affidavit of Default to be filed by U.S. Bancorp.

3. The Court shall retain jurisdiction of this case to the extent necessary to enforce the provisions of this Stipulation to Judgment and to enter Judgment.

Dated: _____  U.S. BANCORP EQUIPMENT FINANCE, INC.

By: _____
Name: _____
Its _____

Dated: _____  BABYLON TRANSIT, INC.

By: _____
Name: _____
Its _____

Dated: _____  JAMES K. SMITH

_____

Dated: _____  JONI SMITH

_____

Dated: _____  JOHN BOSCH, INC.

By: _____
Name: _____
Its _____

SO ORDERED:

Dated:
_____
HON. FREDERIC BLOCK
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
U.S. BANCORP EQUIPMENT FINANCE, INC.

                                          Plaintiff,        C.A. No.: 1:05 CV -3489 (FB) (ETB)

    -against-

BABYLON TRANSIT, INC., JAMES K. SMITH,
JONI SMITH AND JOHN BOSCH, INC.,

                                          Defendants.
-----------------------------------------------------------------X

On the basis of that certain Stipulation to Judgment and that certain Affidavit of Default,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.     U.S. Bancorp Equipment Finance, Inc. shall have judgment against Babylon Transit, Inc., James K. Smith, Joni Smith and John Bosch, Inc., jointly and severally, in the amount of $_____.

2.     Post-judgment interest shall accrue on the amount set forth in paragraph 1 at the rate set forth in 28 U.S.C. §1961.

Dated:                                           _____
                                                  HON. FREDERIC BLOCK
                                                  UNITED STATES DISTRICT COURT JUDGE