UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
U.S. BANCORP EQUIPMENT FINANCE, INC.,

                                        Plaintiff,          MEMORANDUM
                                                            OPINION AND ORDER

                    -against-                               CV 05-3489 (FB) (ETB)[1]

BABYLON TRANSIT, INC., JAMES K. SMITH,
JONI SMITH, and JOHN BOSCH, INC.,

                                        Defendants.
------------------------------------------------------------------------X

        Before the court is the plaintiff's motion to compel certain post-judgment discovery from

defendant Joni Smith and non-party John Bosch Bus, Inc.  The Court has not received any

opposition to the within motion.  For the following reasons, plaintiff's motion to compel is

granted in part and denied in part.


                                        FACTS

        On or around September 7, 1995, Babylon Transit, Inc. ("Babylon Transit") entered into a

master equipment lease ("Lease No. 1") with Cargill Leasing Corporation ("Cargill").

(Settlement Agreement 1.)  James K. Smith and Joni Smith ("Guaranty No. 1"), and John Bosch,

Inc. ("Guaranty No. 2") each executed and delivered a guaranty to Cargill, whereby they each

unconditionally and absolutely guaranteed to Cargill all of Babylon Transit's payment and

_____

        [1]    The Court is grateful for the assistance of Matthew Friedman, a summer intern and
second-year law student at Georgetown University Law Center, for his assistance in the
preparation of this Memorandum Opinion and Order.

                                         -1-

performance obligations under Lease No. 1.  (Settlement Agreement 1-2.)  On or around June 29,

1998, Babylon Transit supplemented Lease No. 1, such that Cargill agreed to lease five

motorcoaches to Babylon Transit for eighty-four months, in exchange for monthly payments.

(Settlement Agreement 1.)

On or around September 3, 1999, Babylon Transit entered into a master equipment lease

("Lease No. 2") with Firstar Equipment Finance Corporation ("Firstar"), whereby Firstar would

lease one motorcoach to Babylon Transit for eighty-four months and Babylon Transit would

make monthly payments to Firstar.  (Settlement Agreement 2.)  James K. Smith and Joni Smith

("Guaranty No. 3"), and John Bosch, Inc. ("Guaranty No. 4") each executed and delivered a

guaranty to Firstar, whereby they each unconditionally and absolutely guaranteed to Firstar all of

Babylon Transit's payment and performance obligations under the master lease.  (Settlement

Agreement 2.)

U.S. Bancorp is the successor-in-interest to both Cargill and Firstar.  (Settlement

Agreement 2.)  Thus, U.S. Bancorp succeeded to Cargill's interest in Lease No. 1, its

supplements, Guaranty No. 1, and Guaranty No. 2; U.S. Bancorp also succeeded to Firstar's

interest in Lease No. 2, Guaranty No. 3, and Guaranty No. 4.

Babylon Transit defaulted under Lease No. 1 on or around June 1, 2002 and had

previously defaulted under Lease No. 2 on or around May 1, 2002.  (Settlement Agreement 2.)

U.S. Bancorp thereafter brought suit against Babylon Transit, James K. Smith, Joni Smith, and

John Bosch, Inc.  (Settlement Agreement 2-3.)  On June 29, 2006, the parties settled the action

and the defendants agreed to make a lump sum payment of $100,000, monthly payments of

$2,500, and a balloon payment of $275,000.  (Settlement Agreement 4, 10.)  As part of the

settlement agreement, the parties executed a stipulation which, in the event of a subsequent default by the defendants, would entitle U.S. Bancorp to the entry of a judgment against each of the defendants jointly and severally in the amount of $1,073,309.58, plus interest at a rate of fifteen percent (15%) per annum from June 1, 2002 through July 11, 2006, as well as attorney's fees, expenses, costs, and post-judgment interest in accordance with 28 U.S.C. § 1961, less any payments made by Babylon pursuant to the settlement agreement. (Mem. and Order of Block, J., dated Feb. 2, 2010, 1.)

On December 3, 2009, U.S. Bancorp moved to reopen the case, alleging that the defendants had failed to make payments since November 1, 2009, thereby defaulting under the terms of the settlement agreement. (Id. at 2.) On December 4, 2009, Judge Block ordered the defendants to respond by December 15, 2009, but they failed to do so. (Id. at 2.) On January 4, 2010, Judge Block again ordered the defendants to respond - this time by January 15, 2009 - but again they failed to do so. (Id. at 2.) As a result, the court considered U.S. Bancorp's motion to be unopposed, and granted the motion and reopened the case to alter the judgment. (Id at 2.) Judgment was entered against the defendants jointly and severally on February 16, 2010 in the amount of $2,067,550.79, plus interest at a rate of $441.09 per day from December 2, 2009 through the date of entry of judgment. (Id. at 2-3; Judgment, 2.)

On March 22, 2010, pursuant to Federal Rule of Civil Procedure 69, U.S. Bancorp issued a subpoena to Joni Smith ("Smith"), requiring him to appear for a deposition and to produce certain documents on April 16, 2010 in Manhattan, New York. (Pl. Mot. to Compel, Ex. 1.) Smith was served with the subpoena on March 22, 2010. (Pl. Mot. to Compel, Ex. 2.) That same day, U.S. Bancorp also served upon Smith a set of interrogatories and a request for the

production of documents.  (Pl. Mot. to Compel, Exs. 3, 4.)  Smith failed to appear for the

deposition, to produce the requested documents, or to provide answers to the interrogatories.  (Pl.

Mot. to Compel 1-2.)

On April 22, 2010, U.S. Bancorp issued a subpoena to non-party John Bosch Bus, Inc.

("JBBI"), requiring JBBI to appear for a deposition and to produce certain documents on May 10,

2010 in Manhattan, New York.  (Pl. Mot. to Compel, Ex. 5.)  JBBI was served with the subpoena

on April 30, 2010.  (Pl. Mot. to Compel, Ex. 6.)  JBBI  failed to appear for the deposition or to

produce the requested documents.

From March 23, 2010 through May 19, 2010, counsel for U.S. Bancorp attempted to

contact the attorney representing Smith and JBBI, Darrell J. Conway, Esq. ("Conway"), to

resolve the discovery disputes without resorting to judicial intervention.  (Pl. Mot. to Compel 2-

3.)  On April 7, 2010, Conway advised U.S. Bancorp's counsel that he would likely be able to

produce the documents responsive to the subpoena and document requests served on Smith by

April 16, 2010.  (Pl. Mot. to Compel 2.)  He failed to do so.  (Pl. Mot. to Compel 2.)  On April

22, 2010, U.S. Bancorp sent a letter to Conway via facsimile demanding that Smith respond as

required by April 26, 2010.  (Pl. Mot. to Compel, Ex. 7.)  Conway failed to respond and on April

27, 2010, U.S. Bancorp sent another letter requesting the proper response by April 30, 2010.  (Pl.

Mot. to Compel, Ex. 8.)  Conway (and Smith) failed to respond to that request as well.

On May 11, 2010, counsel for U.S. Bancorp telephoned Conway and left a message

asking to discuss the obligations of Smith and JBBI and to resolve the within discovery disputes.

(Pl. Mot. to Compel 2.)  On May 11, 2010, Conway responded via email, stating that he had

received documents from Smith, but had yet to review them and would "provide a preliminary

response . . . by Friday [May 14, 2010]." (Pl. Mot. to Compel, Ex. 9.) On May 12, 2010,

counsel for U.S. Bancorp responded via e-mail, stating that a "mere promise of a 'preliminary

response' at this juncture is simply unacceptable." (Pl. Mot. to Compel, Ex. 9.) Conway failed

to respond to that email or to any of the outstanding discovery requests. (Pl. Mot. to Compel 3.)

On May 20, 2010, U.S. Bancorp filed the within motion to compel, requesting an order

(a) compelling Smith to (1) produce the documents subject to the subpoena and document

requests, (2) answer the interrogatories, and (3) appear for a deposition on a mutually agreeable

date; and (b) compelling JBBI to (1) produce the documents subject to the subpoena, and (2)

appear for a deposition on a mutually agreeable date. (Pl. Mot. to Compel 3.) Neither Smith nor

JBBI has filed any opposition to the within motion to compel.

DISCUSSION

I.    Legal Standard

In order to execute a judgment, the judgment creditor or his successor-in-interest "may

obtain discovery from any person - including the judgment debtor - as provided in [the Federal

Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R.

Civ. P. 69(a)(2). "[A]s a matter of policy, Rule 69 should authorize the use of all discovery

devices provided in the rules." Fed R. Civ. P. 69 advisory committee's note (1970).

Smith was one of three guarantors to the contracts between Babylon Transit and Cargill

(Lease No. 1) and Babylon Transit and Firstar (Lease No. 2). As such, Smith guaranteed all of

Babylon Transit's payment and performance obligations under those leases. (Settlement

Agreement 1-2.) U.S. Bancorp is the successor-in-interest to both Cargill and Firstar.

(Settlement Agreement 2.)  In order to aid the execution of the court judgment, U.S. Bancorp may validly discover information from Smith, the guarantor of the defaulting debtor, Babylon Transit.  <u>See</u> Fed. R. Civ. P. 69.  Accordingly, U.S. Bancorp now moves to compel (a) the production of documents by request and by subpoena, (b) an appearance at a deposition, and (c) answers to interrogatories from Smith

JBBI is not a party to the underlying action.  Nonetheless, U.S. Bancorp now moves to compel (a) the production of documents by subpoena, mostly relating to JBBI's interactions and its relationship with Babylon Transit, Smith, and John Bosch, Inc., and (b) JBBI's appearance at a deposition, pursuant to a subpoena.


II.    <u>Validity of the Subpoenas</u>

The subpoenas commanding Smith and JBBI to produce certain documents are procedurally invalid and unenforceable.  A subpoena requiring attendance at a deposition or the production of documents must be issued "from the court for the district where the deposition is to be taken," <u>see</u> Fed. R. Civ. P. 45(a)(2)(B), or where production is to be made.  <u>See</u> <u>In re Ramaekers</u>, 33 F. Supp. 2d 312, 316 (S.D.N.Y. 1999) ("Rule 45 requires that a subpoena commanding . . . document production must issue from the court for the district in which the production is to be made."); <u>see also</u> 9 James Wm. Moore et al., <u>Moore's Federal Practice</u> ¶ 45.11 (3d ed. 2009) ("A subpoena commanding production or inspection . . . must issue from the district court in which production or inspection will occur.").  The subpoenas were issued from the Eastern District of New York, but required both Smith and JBBI to attend a deposition and to provide documents to U.S. Bancorp's attorney's offices located in Manhattan, in the Southern

District of New York.  (Pl. Mot. to Compel, Exs. 1, 4.)  Even though Smith and JBBI have not moved to quash the subpoenas, the court must deem them invalid.  See Monsanto Co. v. Victory Wholesale Grocers, No. MC 08-134, 2008 U.S. Dist. LEXIS 39239, at *10-11 (E.D.N.Y. May 14, 2008) (finding subpoena facially invalid under Rule 45 where it commanded production in the Southern District of New York but was issued out of the Eastern District of New York); see also Zamani v. Carnes, No. C03-00852, 2008 WL 2127849, at *1 (N.D. Cal. May 19, 2008) ("A subpoena that designates the wrong issuing court is void"); Tracfone Wireless, Inc. v. Riedeman, No. 6:06-CV-1257-Orl-18JGG, 2007 WL 191651, at *2 (M.D. Fla. Jan. 23, 2007) (holding that plaintiff's subpoena was "procedurally deficient" and unenforceable when it was issued from the improper district);  NFLC, Inc. v. Devcom Mid-Am., Inc., No. 93-C-0609, 1994 WL 188478, at *7 (N.D. Ill. May 11, 1994) (holding that a subpoena issued from an improper district was invalid and unenforceable, so the motion to compel the non-movant to show cause why he should not be held in contempt was void);  Kupritz v. Savannah Coll. of Art & Design, 155 F.R.D. 84, 87-88 (E.D. Pa. 1994) (invalidating a subpoena that was issued from the improper district).

Based on the foregoing, the Court finds that the subpoenas commanding Smith and JBBI to appear for a deposition and to produce documents are invalid and unenforceable.  Accordingly, U.S. Bancorp's motion to compel compliance with the subpoenas is denied, without prejudice to renewal.

III.    Defendant Smith's Answers to Interrogatories and Response to Document Production

The request for answers to interrogatories directed to Smith does not suffer from any defect noted above.  Twenty-two interrogatories were served, within the requirements of the

Federal Rules, <u>see</u> Fed. R. Civ. P. 33(a)(1), and each of the interrogatories relates to executing

the judgment against Babylon Transit and its guarantors; thus, these interrogatories fall within the

scope of permissible discovery. <u>See</u> Fed. R. Civ. P. 33(a)(2); <u>see also</u> Fed. R. Civ. P. 26(b).

Smith neither answered nor objected to the interrogatories, and there was no stipulation or court

order allowing a longer time period than the Federal Rules of Civil Procedure provide for a

response. <u>See</u> Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any

objections within 30 days after being served with the interrogatories"). Moreover, since any

potential objections were not made in a timely fashion, they are waived. <u>See</u> Fed. R. Civ. P.

33(b)(4). At this late juncture, Smith is deemed to have waived any right to object and therefore

is compelled to comply.

      The request for production of documents directed to Smith is also valid. Pursuant to Rule

34 of the Federal Rules of Civil Procedure, a party may serve on any other party a request for the

production of "any designated documents or electronically stored information" in the responding

party's possession or custody. Fed. R. Civ. P. 34(a)(1)(A). Such a request "must describe with

reasonable particularity each item or category of items to be inspected" and "must specify a

reasonable time, place, and manner for the inspection." Fed. R. Civ. P. 34(b)(1). "The party to

whom a request is directed must respond in writing within 30 days after being served." Fed. R.

Civ. P. 34(b)(2)(A). The document requests served upon Smith comply with the requirements of

Rule 34, such that they are described with "reasonable particularity" and they specify that the

documents are to be produced to plaintiff's counsel at their offices in Manhattan more than thirty

days after they were served. (Pl. Mot. to Compel, Ex. 4.) Smith has not filed any objections to

the request for documents. As with the interrogatories discussed above, at this juncture, Smith's

right to object has been waived and he is obligated to comply with the document requests.

Federal Rule of Civil Procedure 37(a)(1) provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed R. Civ. P. 37(a)(1).

> "'Confer' means to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention."

Big Apple Pyrotechnics v. Sparktacular Inc., No. 05 Civ. 9994, 2006 WL 587331, at *1 (S.D.N.Y. Mar. 8, 2006); see also Deckon v. Chidebere, No. 93 Civ. 7845, 1994 WL 494885, at *5 (S.D.N.Y. Sept. 9, 1994). The movant must provide evidence of its good faith efforts; a mere conclusory statement where the movant asserts he has fulfilled this requirement is insufficient. See Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., No. 96 Civ. 7590, 1998 WL 67672, at *2 (S.D.N.Y. Feb. 18, 1998).

In Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., No. 96 Civ. 7590, 1998 WL 67672, at *1 (S.D.N.Y. Feb. 18, 1998), the court found that a good faith attempt to confer had not taken place when the plaintiff repeatedly demanded the production of documents and expressed general concerns about discovery at a deposition. See id. at *3-4. Comparatively, in Care Environmental Corp. v. M2 Technologies Inc., No. CV-05-1600, 2006 WL 1517742, at *1 (E.D.N.Y May 30, 2006), the court found that a good faith effort to confer had occurred when the parties exchanged

emails, had a "substantive" telephone conversation, and spoke with the magistrate.  Id. at *1-2.

The efforts at conferring that were undertaken here by U.S. Bancorp are analogous to the latter

case.  In its motion to compel, counsel for U.S. Bancorp describes several conversations

regarding the resolution of the discovery dispute wherein Smith's and JBBI's attorney, Conway,

said he would be able to produce the documents on time.  (Pl. Mot. to Compel 2.)  There were

also repeated efforts to subsequently contact Conway via telephone, letter, and e-mail.  (Pl. Mot.

to Compel 2-3.)  In the final attempt prior to moving to compel, counsel for U.S. Bancorp left

messages with Conway and had an email exchange wherein Conway promised a "preliminary

response" by May 14, 2010; no response was ever received.  (Pl. Mot. to Compel 2-3, Ex. 9.)

Based on the foregoing, the Court finds that U.S. Bancorp acted in good faith in an

attempt to confer with Smith to resolve the parties' discovery dispute.  Accordingly, its motion to

compel Smith to comply with the requests for interrogatories and the production of documents is

granted.


CONCLUSION

For the foregoing reasons, plaintiff's motion to compel defendant Joni Smith to comply

with the requests for interrogatories and the production of documents is granted.  Plaintiff's

motion to compel Smith and non-party John Bosch Bus, Inc. to appear for depositions and to

produce documents pursuant to subpoena is denied, without prejudice to renewal.

**SO ORDERED:**

Dated: Central Islip, New York
      August 4, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge
